J-S64042-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE DARNELL REDMAN | : | |
| | : | |
| Appellant | : | No. 1207 WDA 2019 |

Appeal from the PCRA Order Entered July 22, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003824-2011

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    FILED DECEMBER 13, 2019

Lawrence Darnell Redman (Redman) appeals pro se from the order of

the Court of Common Pleas of Westmoreland County (PCRA court) denying his

petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§

9541-9546.  We affirm.

We take the following background facts and procedural history from the

PCRA court's September 13, 2019 opinion and our independent review of the

record.  On August 9, 2012, a jury convicted Redman of Criminal Attempt-

Criminal Homicide and related charges arising out of an incident that occurred

on September 24, 2011.  On November 5, 2012, the trial court sentenced him

to an aggregate term of incarceration of not less than twenty nor more than

_____

[*] Retired Senior Judge assigned to the Superior Court.

forty years. Redman filed a counseled post-sentence motion challenging the sufficiency and weight of the evidence as well as the trial court's denial of a pre-sentence motion to sever. After the trial court denied the motion, a panel of this Court affirmed the judgment of sentence on November 19, 2013, and our Supreme Court denied further review on April 21, 2014.

Redman filed a first PCRA petition pro se on August 21, 2014. Appointed counsel filed, pursuant to Turner/Finley,[1] a petition to withdraw that was later withdrawn. Redman, by counsel, then filed an amended PCRA petition raising an issue of ineffectiveness of trial counsel for failing to request a jury instruction on self-defense. On August 15, 2016, after an evidentiary hearing, the PCRA court denied the petition. A panel of this Court affirmed the PCRA court's order and our Supreme Court denied further review.

On December 22, 2017, Redman filed a second pro se PCRA petition raising the issue of ineffectiveness of trial counsel for failing to request a jury instruction on the defense of misadventure as well as challenging the discretionary aspects of his sentence. (See Second Pro Se PCRA Petition, 12/22/19, at 1, 3, 6). Court-appointed counsel moved to withdraw pursuant to Turner/Finley and the PCRA court issued a Rule 907 notice of its intent to dismiss Redman's petition without a hearing. See Pa.R.Crim.P. 907(1).

_____

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

Redman responded to counsel's Turner/Finley letter and the court's Rule 907 notice with several letters and an amended pro se PCRA petition, raising a new issue of trial counsel's ineffectiveness for violating his autonomy rights and challenging his sentence on the basis of Alleyne v. United States, 133 S.Ct. 2151 (2013).[2]  (See Pro Se Amended PCRA Petition, 12/03/18, at 1). After holding an evidentiary hearing, on July 22, 2019, the PCRA court granted counsel's petition to withdraw and denied Redman's petition.  The PCRA court found that trial counsel was not ineffective for failing to request a defense of misadventure or self-defense jury instruction, that Alleyne was not applicable where Redman did not receive a mandatory minimum sentence, and that his claim that trial counsel violated his autonomy rights lacked merit and was untimely.  (See Opinion and Order of Court, 7/22/19, at 5-9).  Redman timely appealed.[3]  He and the court complied with Rule 1925.  See Pa.R.A.P. 1925.

_____

[2] The Alleyne Court held that where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime.  [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt."  Alleyne, supra at 2162-2163.

[3] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level."  Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation and internal quotation marks omitted).  "Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error."  Id. (citation and internal quotation marks omitted).

Before we turn to the merits of Redman's claims, we must consider the timeliness of his petition.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016) (citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. See 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Robinson, supra at 185 (internal quotation marks and citation omitted).

Here, Redman's judgment of sentence became final on July 20, 2014, when his time to file a writ of certiorari with the United States Supreme Court expired. See U.S. Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). Therefore, he had until July 20, 2015, to file a timely PCRA petition. See 42 Pa.C.S. § 9545(b)(1). Because Redman filed the instant petition on December 3, 2017, it is untimely on its face and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar.

See 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[4] "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed . . . because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa. Super. 2011), appeal denied, 47 A.3d 845 (Pa. 2012) (citation omitted).

We first observe that it is well-settled that "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007), appeal denied, 959 A.2d 927 (Pa. 2008) (citations omitted); see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In the instant case, our thorough examination of the certified record reveals that Redman failed to plead the governmental interference exception at any time in the lower court. In fact, in response to the Commonwealth raising the timeliness issue at the PCRA hearing, he maintained that his petition was timely because he exercised due diligence. (See N.T. Hearing,

_____

[4] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. See 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

6/27/19, at 26). Hence, because Redman failed to set forth any of the enumerated exceptions to the time-bar requirement in the PCRA court, we lack jurisdiction to review the claims he raises for the first time on appeal. See Burton, supra at 525.

Redman does mention the "interference by government officials with the presentation of the claims" two times, without any pertinent discussion of same other than bald allegations of PCRA counsel's ineffective representation. (Redman's Brief, at 4; see id. at 6). However, even giving Redman the benefit of interpreting these bald statements as an attempt to claim the benefit of the governmental interference exception, he would be due no relief.

First, we observe that "claims relating to ineffectiveness of counsel . . . do not qualify [for a timeliness exception] due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." Commonwealth v. Pursell, 749 A.2d 911, 916 (Pa. 2000) (citation omitted); see also 42 Pa.C.S. § 9545(b)(4); Commonwealth v. Wharton, 886 A.2d 1120, 1127 (Pa. 2005) ("[A]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citation omitted).

In this case, Redman alleges that appointed PCRA counsel's ineffectiveness amounted to governmental interference. (See Redman's Brief, at 3-4, 6). However, based on the foregoing law, this claim cannot

qualify for the governmental interference exception. See *Wharton, supra* at 1127; *Pursell, supra* at 916; 42 Pa.C.S. § 9545(b)(4).

Additionally, it is well-settled that to meet the statutory requirements of the "governmental interference" exception to the one-year time PCRA time-bar, Redman was required to plead and prove that his "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States. . . ." 42 Pa.C.S. § 9545(b)(1)(i) (emphasis added).

Even if ineffectiveness fell within the governmental interference exception, PCRA counsel's alleged failures did not cause the PCRA petition to be filed beyond the deadline where they necessarily occurred after Redman filed the untimely petition and he was appointed. See 42 Pa.C.S. § 9545(b)(1)(i).

Hence, for all of the foregoing reasons, even if Redman had raised the governmental interference claim in his PCRA petition, he would not be entitled to relief because he has failed to plead and prove the applicability of a timeliness exception. See *Jackson, supra* at 519. We affirm the dismissal by the PCRA court.[5]

_____

[5] The PCRA court's reasoning for denying Redman's petition differed from ours. However, "[i]t is well-settled that this Court may affirm on any basis." *Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010), appeal denied, 26 A.3d 1100 (Pa. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019